```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS D. BRIEL,

                    Plaintiff,

        -against-                        ORDER
                                         12-CV-2868(JS)(GRB)
NASSAU COUNTY SHERIFF MICHAEL
SPOSATO, NASSAU COUNTY CORRECTIONAL
FACILITY, ARMOR CORRECTIONAL
HEALTH, INC., CPL. MR. FIELDS,
C.O. MR. KRIEN, GRIEVANCE COMMITTEE
Badge #2995, DR. MS. UMANA of ARMOUR
CORRECTIONAL HEALTH, INC., DIRECTOR
KARAN KAY, IRENE SINGH, R.N., NURSE
MS. SMITH of ARMOUR CORRECTIONAL
HEALTH,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Thomas D. Briel, pro se
                    12003528
                    Nassau County Correctional Center
                    100 Carman Ave
                    East Meadow, NY 11554

For Defendants:     No Appearance
```

SEYBERT, District Judge:

By Order dated On July 2, 2012 ("July Order"), the undersigned directed incarcerated pro se plaintiff Thomas D. Briel ("Plaintiff") to file an Amended Complaint on or before July 20, 2012.[1] The Court advised that it would hold his application to proceed in forma pauperis in abeyance pending his timely filing of

---

[1] By way of background, Plaintiff filed his original in forma pauperis Complaint pursuant to 42 U.S.C. § 1983 against the Nassau County Sheriff's Department, the Nassau County Correctional Facility, and Armor Correctional Health, Inc. on June 6, 2012. In the three weeks that followed, Plaintiff had sought to amend his Complaint on three occasions.

an Amended Complaint.  Rather than file an Amended Complaint, Plaintiff filed an application for the appointment of pro bono counsel to represent him in this case on July 24, 2012.[2]  By Order dated August 2, 2012, the undersigned denied Plaintiff's application for the appointment of pro bono counsel without prejudice to a renewal thereof when this case is ready for trial, if warranted, and afforded Plaintiff a final opportunity to file an Amended Complaint by August 10, 2012 in accordance with the Court's July Order.  On August 8, 2012, Plaintiff timely filed an Amended Complaint.

In accordance with the July Order, the Court has now reviewed Plaintiff's in forma pauperis application and finds that Plaintiff's financial position as set forth in his declaration qualifies him to commence this action without the prepayment of the $350.00 filing fee.  28 U.S.C. §§ 1914, 1915(a)(1).  Accordingly, his application to proceed in forma pauperis is granted.  However, for the reasons that follow, Plaintiff has failed to allege a plausible claim against Defendants Sposato, Umana, Kay, Singh, Smith, Nassau County Correctional Facility and Armor Correctional Health, Inc.  Thus, the Complaint is sua sponte dismissed with

---

[2] The Court notes that, on July 17, 2012, Plaintiff filed a new in forma pauperis Complaint that was assigned Docket Number 12-3546(JS)(GRB).  This Complaint seeks to assert claims against his underlying criminal trial counsel, Legal Aid Attorney Cindy D'Amber, Esq., Nassau County, and the Nassau County Legal Aid Society, pursuant to Section 1983.

prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) as against these Defendants. Plaintiff's claims against Defendants Field and Krien shall proceed as set forth below.

BACKGROUND

I. The Amended Complaint

Plaintiff's brief, handwritten Amended Complaint, submitted on the Court's form, though difficult to read, appears to allege the following in its entirety:[3]

> Upon my intake at NCF I explained my medical disability of the L5-S1 severe damage; cervical nerve damage, seizures, [] and nerve damage to back, legs, left to foot doctor; right side as well, muscles and other damage to hands, shoulders elbows, etc. The symptoms causing a sharp stabbing pain on both sides of my L5-S1 lumbar, the nerves have a burning, numbness, twitching and jumping with shooting pains into my legs and feet. My neck to my shoulders elbows and hands, this causes me to not be able to grab or hold onto things at times. It affects my sleeping, thinking, writing, reading, etc. They have taken away my proper medications from my personal doctors and refusing to properly take care of my pain management. Nassau County Jail, Sheriffs have failed to protect my health and medical care needs. Defendants are Cpl. Mr. Fields and Mr. Krien for knowingly refusing to place me on a bottom bunk when moved into the program housing unit. They became liable and possibly could be held as deliberate indifference. $25,000.00 dollars each for deliberately ignoring my risks of conditions and causing me

---

[3] The Court has attempted to reproduce Plaintiff's Statement of Claim exactly as it appears on the Amended Complaint form and has not made any spelling or grammatical corrections.

3

> mental anguish, loss of sleep "insomnia", lose of weight; pain and suffering; chronic and substantial pain, anxiety, emotionally upsetting. Grievance Committee Et AL; Badge #2995 $50,000.00 Dollars for mental anguish. Possibly a deliberate indifference.

Am. Compl. at ¶ IV and unnumbered page annexed to the Amended Complaint.

Plaintiff further alleges, in the "Relief" section of the Amended Complaint form:

> Sheriff Michael Sposato is fully reliable [sic] for deliberate indifference; $25,000,000.00 medical needs of Nassau County Jails responsibilities; Armor Correctional Health of $100,000,000.00 for deliberate indifference of the following nurses, director and doctors, Karen Kay $25,000,000.00; Irene Singh $25,000,000.00, Dr. Ms. Umana $25,000,000.00 and Ms. Smith 25,000,000.00. All for deliberate indifference and mental anguish. In adequate medical treatment from Armor Correctional Health Inc.

Am. Compl. at ¶ V and unnumbered page annexed to the Amended Complaint.

## DISCUSSION

### I. In Forma Pauperis

Having reviewed Plaintiff's declarations in support of his applications to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

4

II. The Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868

(2009)); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausiblity when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

III. Section 1983

> Section 1983 provides that:
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983. To state a Section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person action under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo

6

v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)).  Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).  The Supreme Court held in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.  Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009).  A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010).  With these standards in mind, the Court considers the Plaintiff's claims.

A.  Claims Against Defendants Sposato, Kay, Umana, Singh and Smith

With regard to Sheriff Sposato and Director Kay, Plaintiff does not include any allegations of conduct attributable to either of them. Thus, it appears Plaintiff seeks to hold these Defendants liable solely because of the supervisory positions they hold. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. See supra at 7. Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his or her individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by either Sposato or Kay. Similarly, Plaintiff does not allege any

8

personal involvement by Defendants Umana, Singh and Smith nor does he even mention them in his Statement of Claim. Accordingly, in the absence of any factual allegations of conduct that would support Plaintiff's constitutional deprivation claims, the Section 1983 claims asserted against these Defendants are not plausible and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 19915A (b)(1).

B. <u>Claims against Nassau County Correctional Facility</u>

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." <u>See</u> <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); <u>see</u> <u>also</u> <u>Melendez v. Nassau County</u>, No. 10-CV-2516 (SJF)(WDW), 2010 WL 3748743, at *5 (E.D.N.Y. Sept. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued); <u>Coleman v. City of New York</u>, No. 08-CV-5276 (DLI)(LB), 2009 WL 909742, at *2 (E.D.N.Y. Apr. 1, 2009) (NYC Department of Probation is a non-suable entity) (citing <u>Flemming v. City of New York</u>, No. 02-CV-6613, 2006 WL 898081, at *5 (E.D.N.Y. Mar. 31, 2006).

In order to bring a claim against an entity such as a county jail, the proper defendant is the municipality in which the entity resides. However, in order to establish municipal liability

9

a plaintiff must plead facts consistent with the elements addressed in Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "an injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the municipality or by a municipal official 'responsible for establishing final policy.'" Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (quoting Skehan v. Village of Mamaroneck, 465 F.3d 96, 108-109 (2d Cir. 2006) overruled on other grounds by Appel v. Spiridon, 531 F.3d 138, 140 (2d Cir. 2008)); see also Monell, 436 U.S. at 690-901, 98 S. Ct. 2018. "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (citations omitted). To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the part of the policy making officials; or (4) a failure by policymakers to properly

10

train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact within the municipal employees. Sulehria v. City of New York, 670 F. Supp. 2d 288, 320 (S.D.N.Y. 2009); see also Davis, 224 F. Supp. 2d at 478.

Here, Plaintiff has named the Nassau County Correctional Facility as a Defendant. The County jail is merely an "arm" of Nassau County and thus immune from suit. Accordingly, Plaintiff's claims against the Nassau County Correctional Facility are dismissed with prejudice. Further, Plaintiff alleges no facts such that the Court could liberally construe a claim for municipal liability as against Nassau County. In the absence of any basis to support a Monell claim against Nassau County, the Court declines to afford Plaintiff an opportunity to file yet another Amended Complaint.

    C.    Claims against Armor Correctional Health, Inc.

Plaintiff names Armor Correctional Health, Inc. as a defendant, but does not include any factual allegations against it. The Court's research reveals that Armor Correctional Health, Inc. is a private company contracted to perform medical services for inmates at the Nassau County Correctional Center. See, e.g., Cofield v. Armor Correctional Health, No. 12-CV-1394(SJF)(ETB), 2012 WL 1222326, at *2 (E.D.N.Y. Apr. 11, 2012). A private employer may be held liable under Section 1983 for the acts of its employees where the employee acted pursuant to the employer's

official policy, or where the private entity employer was jointly engaged with state officials or its conduct is chargeable to the state, or where the employer authorized or participated in the alleged constitutional deprivation. Cofield, 2012 WL 1222326 at *2, (citing White v. Moylan, 554 F. Supp. 2d 263, 268 (D. Conn. 2008); Martin v. Lociccero, 917 F. Supp. 178, 184 (W.D.N.Y. 1995)).

Here, Plaintiff has not alleged any facts to support a plausible Section 1983 claim against Armor Correctional Health, Inc. Accordingly, Plaintiff's claims against this Defendant are sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

D. Claims against Field and Krien

Though thin, it appears that Plaintiff claims that these Defendants were deliberately indifferent to his serious medical needs in that they allegedly refused to provide Plaintiff with a bottom bunk bed while knowing that his medical condition required this accommodation. At this early stage the Court declines to sua sponte dismiss Plaintiff's deliberate indifference claim against these Defendants. Accordingly, the Court directs that the Clerk of the Court issue a summons for Defendants Field and Krien and forward copies of the summonses, Plaintiff's Amended Complaint, and this Order to the United States Marshal Service for service upon these Defendants.

CONCLUSION

For the reasons set forth above, Plaintiff's request to proceed in forma pauperis is GRANTED, but his Amended Complaint is sua sponte dismissed with prejudice as against the Nassau County Correctional Facility, Armor Correctional Health, Inc., Sposato, Umana, Kay, Singh and Smith. Plaintiff's claims against Defendants Field and Krien shall proceed and the Clerk of the Court shall issue summonses for each of these Defendants and forward the summonses, the Amended Complaint and this Order to the United States Marshal Service for service forthwith.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   21  , 2012
       Central Islip, New York

13