```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS D. BRIEL,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           12-CV-2868(JS)(ETB)

CPL. FIELDS and C.O. KRIEN,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Thomas D. Briel, pro se
                    05A4753
                    Barehill Correctional Facility
                    Caller Box 20
                    181 Brand Road
                    Malone, NY 12953

For Defendants:     Pablo A. Fernandez, Esq.
                    Office of the Nassau County Attorney
                    One West Street
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Incarcerated pro se Plaintiff Thomas D. Briel ("Plaintiff") commenced this action on June 6, 2012 pursuant to 42 U.S.C. § 1983 asserting claims under the Eighth Amendment for deliberate indifference to medical needs. Pending before the Court is Defendants Corporal Fields and Corrections Officer Krien's motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, their motion is DENIED.

BACKGROUND

I.  Factual Background[1]

Plaintiff's brief, handwritten Amended Complaint, submitted on the Court's civil rights complaint form, states, in relevant part, as follows:

> Upon my intake at [the Nassau County Correctional Center] I explained my medical disability of the L5-S1 severe damage; cervical nerve damage, seizures, arthritis, and nerve damage to back, legs "left to foot and big toe," right side as well, muscles and other damage to hands, shoulders, elbows, etc. The symptoms causing a sharp stabbing pain on both sides of my L5-S1 lumbar, the nerves have a burning, numbness, twitching and jumping with shooting pains into my legs and feet. My neck to my shoulders elbows and hands, this causes me to not be able to grab or hold onto things at times. It affects my sleeping, thinking, writing, reading, etc.
>
> . . .
>
> Defendants are Cpl. Mr. Fields and Mr. Krien for knowingly refusing to place me on a bottom bunk when moved into the program housing unit. They became liable and possibly could be held as deliberate indifference. $25,000.00 dollars each for deliberately ignoring my risks of conditions and causing me mental anguish, loss of sleep "insomnia," lose [sic] of weight; pain and suffering; chronic and substantial pain, anxiety, emotionally upsetting.

---

[1] The following facts are taken from Plaintiff's Amended Complaint, his Sworn Affidavit in opposition, and the document attached thereto, see infra pp. 5-6, and are presumed to be true for the purposes of this Memorandum and Order.

(Am. Compl. §§ IV, V.) Defendants Fields and Krien purportedly assigned Plaintiff a top bunk without a ladder, notwithstanding a request made by Nurse Irene Singh that Plaintiff be assigned a low bunk in a bottom tier with no stairs. (Pl. Aff., Docket Entry 27, "Special Needs Communication/Relocation" Form.)

The Amended Complaint further asserts that Plaintiff has filed multiple grievances, but "nothing was done." He nonetheless continues to file grievances--some of which are still pending. (Am. Compl. § II.)

II. <u>Procedural Background</u>

Plaintiff originally commenced this action against the Nassau County Sheriff's Department, the Nassau County Correctional Center, and Armor Correctional Health, Inc. and simultaneously moved for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>. (Docket Entries 1-2.) In the weeks that followed, Plaintiff filed three amended complaints in what appeared to be an attempt to supplement his original Complaint. (Docket Entries 5, 7-8.) By Order dated July 2, 2012, the Court directed Plaintiff to file one amended complaint that included all of the defendants that he wished to sue as well as the claims he sought to assert against each defendant. (Docket Entry 9.) Plaintiff filed a comprehensive Amended Complaint on August 8, 2012, naming Nassau County Sheriff, Michael Sposato; the Nassau County Correctional Center; Armor Correctional Health, Inc.; Corporal Fields;

Corrections Officer Krien; "Grievance Committee et al Badge #2995;" and Dr. Umana, Karen Kay, Irene Singh, R.N., and Nurse Ms. Smith of Armor Correctional Health. (Docket Entry 15.) On August 21, 2012, the Court sua sponte dismissed the claims against all defendants except Corporal Fields and Corrections Officer Krien (together, the "Moving Defendants"). (Docket Entry 16.) On October 9, 2012, the Moving Defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 19.) Plaintiff filed a "Sworn Affidavit" in opposition to the motion on October 24, 2012. (Docket Entries 27.)[2] The Moving Defendants did not file a reply brief.

DISCUSSION

The Court will first describe the standard of review under Rule 12(b)(6) before turning to the merits of the Moving Defendants' motion.

I. Standard of Review

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard, which is guided by

---

[2] Plaintiff filed another "Sworn Affidavit" on October 31, 2012, purporting to add new claims arising out of the presence of mold, bird feathers, and bird feces. (Docket Entry 24.) Under Rule 15(a)(1), a party may only amend its pleading once as a matter of right. Here, Plaintiff already filed an Amended Complaint, so to further amend his pleading, Plaintiff must either obtain opposing counsel's consent or file a motion to amend. FED. R. CIV. P. 15(a)(2). He has done neither. Thus, the Court will not consider the new claims raised in this Affidavit.

4

"[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555); accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss. Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (internal quotation marks and citation omitted).

Pro se plaintiffs enjoy a somewhat more liberal pleading standard, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted), and the Court is obligated to construe pro se pleadings "liberally to raise the strongest arguments [they] suggest," Torrico v. Int'l Bus.

Machs. Corp., 213 F. Supp. 2d 390, 400 (S.D.N.Y. 2002). Thus, although in deciding a motion to dismiss the Court is typically confined to "the allegations contained within the four corners of [the] complaint," Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998), when analyzing the sufficiency of a pro se pleading, the Court may consider factual allegations contained in and documents attached to a pro se litigant's opposition papers, see Torrico, 213 F. Supp. 2d at 400; Agu v. Rhea, No. 09-CV-4732(JS)(AKT), 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010).

It is within this framework that the Court analyzes the pending motion.

## II. The Moving Defendants' Motion to Dismiss

The Moving Defendants argue that the Amended Complaint must be dismissed because: (1) Plaintiff has failed to state a claim entitling him to relief; (2) Plaintiff has not exhausted his administrative remedies prior to commencing suit; and (3) the Moving Defendants are entitled to qualified immunity. The Court will address each argument in turn.

### A. Failure to State a Claim

To state a valid claim for relief under 42 U.S.C. § 1983, a complaint must allege that: (1) the plaintiff was "deprived of a right secured by the Constitution or laws of the United States," and (2) "the alleged deprivation was committed

6

under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). Here, the Moving Defendants do not dispute that they were acting under color of state law. Instead, they argue that Plaintiff has failed to state a claim because: (1) the Amended Complaint fails to identify a specific constitutional right that the Moving Defendants allegedly infringed; (2) the Amended Complaint fails to plead Defendant Fields' personal involvement; and (3) "[t]he mere assignment to a top bunk is not per se unconstitutional." (Defs. Mot., Docket Entry 21, at 4-6.) None of these arguments have merit.

First, as the Court previously stated, pro se pleadings must be liberally construed and read to assert any and all claims for relief that the facts plausibly suggest. See supra pp. 5-6. Thus, Plaintiff's failure to specifically identify the federal right at issue with a citation to the Constitution or some other federal statute does not warrant dismissal of the Amended Complaint.

Second, although the Moving Defendants are correct that personal involvement is a prerequisite to an award of damages under Section 1983, see Thomas v. Venditto, --- F. Supp. 2d ----, 2013 WL 653962, at *8 (E.D.N.Y. Sept. 21, 2013), the allegations in the Amended Complaint against Defendant Fields are identical to the allegations against Defendant Krien--

7

namely, both were aware of Plaintiff's medical need for a bottom bunk placement and both were involved in the decision to nonetheless assign Plaintiff to a top bunk without a ladder. The Moving Defendants do not provide any reason why identical factual allegations should be interpreted differently with respect to the two defendants, and the Court finds that the Amended Complaint alleges sufficient individual involvement to survive a motion to dismiss.

Finally, the Court does not read the Amended Complaint, as the Moving Defendants suggest, as asserting a constitutional right to a bottom bunk. Rather, the Amended Complaint clearly states that the Moving Defendants were "deliberate[ly] indifferent" to Plaintiff's medical needs (Am. Compl. § V)--which, if true, would amount to a violation of the Eighth Amendment. To establish an Eighth Amendment violation arising out of deliberate indifference to an inmate's medical needs, a plaintiff must allege: (1) a deprivation that is, in objective terms, "sufficiently serious," and (2) that the defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). The Court finds that Plaintiff has done that here. Courts in this Circuit have found chronic back injuries similar to those alleged in the Amended Complaint to be "sufficiently serious" to satisfy the objective prong of the

8

Eighth Amendment test. See, e.g., Cole v. Artuz, No. 97-CV-0977, 2000 WL 760749, at *5 (S.D.N.Y. June 12, 2000); Gill v. Gilder, No. 95-CV-7933, 1996 WL 103837, at *5 (S.D.N.Y. Mar. 8, 1996). And Plaintiff's allegations that the Moving Defendants were fully aware of his back injury and Nurse Singh's recommendation yet purposefully assigned Plaintiff to a top bunk without a ladder are sufficient to satisfy the second, subjective prong. See, e.g., Gill, 1996 WL 103837, at *5 (finding that a complaint that alleged that prison officials denied an inmate's request for special furniture to accommodate a back condition despite a documented medical need stated a claim for deliberate indifference under the Eighth Amendment); see also Lavender v. Budz, No. 10-CV-0702, 2012 WL 503587, at *1-2, 5 (M.D. Fla. Feb. 15, 2012) (finding that a complaint that alleged that prison staff failed to assign an inmate to a bottom bunk, notwithstanding his receipt of a "low bunk pass" from a jail-nurse, stated a claim for deliberate indifference under the Eighth Amendment); Moses v. Shah, No. 11-CV-3370, 2011 WL 5298599, at *2 (C.D. Ill. Nov. 2, 2011) (finding that a complaint that alleged that hospital staff refused to issue an inmate a low bunk permit notwithstanding a documented medical need stated a claim for deliberate indifference under the Eighth Amendment); Naves v. Haley, No. 11-CV-0153, 2011 WL 5833822, at *3 (D. Nev. Oct. 20, 2011) (finding that a complaint that

9

alleged that a corrections officer assigned an inmate to a top bunk, despite his knowledge that the inmate frequently had violent dreams and fell out of bed, stated a claim for deliberate indifference under the Eighth Amendment), adopted by 2011 WL 5827210 (D. Nev. Nov. 18, 2011).

B. Failure to Exhaust Administrative Remedies

The Moving Defendants also argue that the Amended Complaint must be dismissed for failure to exhaust administrative remedies because "Plaintiff acknowledges that the grievance is still in process and the procedure has yet to be complete on his open claims." (Pl. Mot. 12.) The Court disagrees.

Although, pursuant to the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted," 42 U.S.C. § 1997e(a), failure to exhaust is an affirmative defense. Thus, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). "Dismissal under Rule 12(b)(6) for failure to exhaust is . . . appropriate only where nonexhaustion is apparent from the face of the complaint." Roland v. Smith, -

10

-- F. Supp. 2d ----, 2012 WL 601071, at *2 (S.D.N.Y. Feb. 22, 2012) (citing McCoy v. Goord, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003)).

Here, it is not apparent from the face of the Amended Complaint that Plaintiff has failed to exhaust his administrative remedies. "[A] pro se plaintiff's pleading references to various efforts that he had made to bring alleged prison violations to the attention of the prison authorities cannot be treated as tantamount to an admission that he had not exhausted his administrative remedies." White v. Schriro, No. 11-CV-5285, 2012 WL 1414450, at *6 (S.D.N.Y. Mar. 7, 2012) (internal quotation marks and citation omitted) (collecting cases), adopted by 2012 WL 1450422 (S.D.N.Y. Apr. 23, 2012). Thus, Plaintiff's admission that some of his grievances are pending does not mean that he did not pursue other grievances through completion. Therefore, the Court will not dismiss the Amended Complaint at this stage of the litigation for failure to exhaust.

D. Qualified Immunity

Finally, the Moving Defendants argue that they are entitled to qualified immunity. The Court disagrees. Qualified immunity protects a government official sued in his official capacity:

> (1) if the conduct attributed to him was not prohibited by federal law; or (2) where that conduct was so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time it occurred; or (3) if the defendant's action was objective[ly] legal[ly] reasonable[] . . . in light of the legal rules that were clearly established at the time it was taken.

Manganiello v. City of N.Y., 612 F.3d 149, 164 (2d Cir. 2010) (alterations and omission in original) (internal quotation marks and citations omitted). The Moving Defendants argue that the Amended Complaint must be dismissed because there is no clearly established right to a bottom bunk. However, as the Court previously explained, the right at issue is Plaintiff's right to be free from deliberate indifference to serious medical needs-- not Plaintiff's right to a bottom bunk.[3] And it is indisputable that such a right was clearly established at the time of alleged violation here. See LaBounty, 137 F.3d at 74 (citing Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). The issue, then, is whether the Moving Defendants' actions were objectively reasonable, which the Second Circuit has held "turns on factual questions that cannot be resolved at

---

[3] The Second Circuit has warned against defining the constitutional right at issue too narrowly. See LaBounty v. Coughlin, 137 F.3d 68, 73-74 (2d Cir. 1998) (rejecting the defendant's characterization of the right at issue as "the right to be free from crumbling asbestos" as too narrow and, instead, finding that "the right to be free from deliberate indifference to medical needs . . . best encompasse[d] the alleged conduct").

12

this stage of the proceedings." Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 793 (2d Cir. 2002); see also Green v. Maraio, 722 F.2d 1013, 1018 (2d Cir. 1983) ("Usually, the defense of qualified immunity cannot support the grant of a [Rule] 12(b)(6) motion for failure to state a claim upon which relief can be granted."); Maloney v. Cnty. of Nassau, 623 F. Supp. 2d 277, 292 (E.D.N.Y. 2007) ("Because this defense necessarily involves a fact-specific inquiry, it is generally premature to address the defense of qualified immunity in a motion to dismiss." (internal quotation marks and citation omitted)). Thus, "any adjudication as to the applicability of the qualified immunity affirmative defense would be premature since '[r]esolution of qualified immunity depends on the determination of certain factual questions that cannot be answered at this stage of the litigation.'" Hamilton v. Fisher, No. 10-CV-1066, 2012 WL 987374, at *19 (N.D.N.Y. Feb. 29, 2012) (quoting Denton v. McKee, 332 F. Supp. 2d 659, 666 (S.D.N.Y. 2004)). Accordingly, the Court will not dismiss on the grounds of qualified immunity at this time.

CONCLUSION

For the foregoing reasons, the Moving Defendants' motion to dismiss Plaintiff's Complaint is DENIED. Counsel for Defendants is ORDERED to serve a copy of this Memorandum and

13

Order on the pro se Plaintiff and to file proof of service within seven (7) days.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to terminate the motion at Docket Entry 26 as moot.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: May __1__, 2013
Central Islip, NY